**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEFANIE SCHRECK,**<br>**Plaintiff,** | : | **Civil Action No.** |
| **v.** | : | **Complaint and Jury Demand** |
| **PARAMOUNT TRANSPORTATION SYSTEMS – WASHINGTON, LLC,**<br>**Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Stefanie Shreck (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Paramount Transportation Systems – Washington, LLC (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), including amendments by the Pregnancy Discrimination Act ("PDA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Harleysville, PA.
3. Upon information and belief, Defendant Paramount Transportation Systems – Washington, LLC is a destination services provider with a location and corporate headquarters located at 1350 Grand Avenue, San Marcos, CA 92078.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted her administrative remedies under Title VII/PDA and the PHRA.
13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on December 1, 2024, alleging pregnancy and sex discrimination against Defendant.
14. The Charge was assigned a Charge Number 530-2024-07634 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 14, 2026.
16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter which was not a weekend or federally-recognized holiday [1] as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

---

[1] Under Federal Rule for Civil Procedure 6(a)(1)(C), the Right to Sue period for filing is extended beyond ninety (90) days to the next day that is not a weekend or legal holiday; in this case, March 9, 2026 (as March 8, 2026, was a Sunday). See, e.g., Nolan v. TalentBurst, Inc., 2024 U.S. Dist. LEXIS 59317 at **8-9 (E.D. Pa. Mar. 29, 2024) (Hodge, J.) (citing Lewis v. Postmaster Gen. of the U.S., No. 21-2958, 2022 U.S. App. LEXIS 877 *1, *1 n.3 (3d Cir. Jan. 12, 2022) (finding that when the ninety-day timeline ended on a Sunday, the plaintiff in the case had until the Monday following to file the complaint)).

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

**PLAINTIFF'S EMPLOYMENT HISTORY**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is female.

21. On or about October 1, 2020, Defendant hired Plaintiff in the position of Client Services Manager.

22. Plaintiff worked remotely from her home in this position.

23. Plaintiff was well qualified for her position and performed well.

**PLAINTIFF INFORMED HER MANAGER OF HER PREGNANCY**

24. On or about October 17, 2023, Plaintiff informed Patrick White, Managing Director, of her pregnancy and of her due date in or around early March 2024.

**WHITE BEGAN TO EXCLUDE PLAINTIFF FROM STRATEGY AND MANAGEMENT PHONE CALLS**

25. After disclosing her pregnancy, White excluded Plaintiff from strategy and management phone calls, which were required for Plaintiff to complete her job duties.

**PLAINTIFF REQUESTED THAT WHITE COORDINATE TRAINING BETWEEN THE DESTINATIONS SERVICE PROVIDER DIVISION TEAM AND THE ACCOUNTING TEAM, BUT HE REFUSED TO DO IT**

26. In or January 2024, Plaintiff notified White that there was a miscommunication between the Destinations Service Provider ("DSP") division team and Accounting team regarding submitting payment requests.

27. Initially, White informed Plaintiff that he would have an Accounting team member join the weekly DSP division group call to provide training and guidance.

28. However, White did not assign an Accounting team member to join the weekly DSP division group calls.

29. Plaintiff followed up with White multiple times, but he continued to refuse to coordinate this training.

30. The lack of training made it significantly more difficult for Plaintiff to perform her job duties.

**WHITE HIRED A FORMER EMPLOYEE TO COMPLETE PLAINTIFF'S JOB DUTIES**

31. On or about March 5, 2024, White hired Marianne Duran, a former employee with a history of unprofessional behavior and who had resigned in 2019, in the position of Relocation Coordinator.

32. However, White assigned Plaintiff's job duties to Duran.

**PLAINTIFF GAVE BIRTH, BUT DID NOT TAKE MATERNITY LEAVE**

33. On March 7, 2024, Plaintiff gave birth.

34. Plaintiff did not take maternity leave and returned to work on March 10, 2024.

**WHITE MET WITH PLAINTIFF'S PRIMARY CLIENT, BUT DID NOT PROVIDE HIS NOTES OR DEBRIEF HER**

35. In April 2024, White met with Plaintiff's primary client, Crown Worldwide, for an in-person meeting at a conference in Europe.

36. Upon his return, White informed Plaintiff on numerous occasions that he would collect his notes and debrief her on his meeting.

37. However, White did not provide his notes or debrief Plaintiff.

**DEFENDANT DID NOT ASSIGN ADDITIONAL OPPORTUNITIES TO PLAINTIFF**

38. In addition, while there was an expectation of increased business volume for her clients, Defendant did not offer any additional opportunities to Plaintiff.

39. Instead, Defendant offered the additional job opportunities to Plaintiff's non-pregnant and/or not recently pregnant coworkers, including, but not limited to Duran.

40. Despite this, Plaintiff's job performance remained strong.

**DEFENDANT TERMINATED PLAINTIFF**

41. However, on June 7, 2024, White and Marcella Stock, Director of Human Resources, called Plaintiff and terminated her employment.

42. When Plaintiff asked for the reason for her termination, Stock responded "You're an at-will employee. We'll just leave it at that", or words to that effect.

43. Defendant had not issued Plaintiff any coachings, warnings or disciplines prior to her termination.

44. Defendant discrimination against Plaintiff due to her pregnancy and/or sex in violation of Title VII and the PHRA.

45. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – PREGNANCY DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT**

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

47. Plaintiff is a member of a protected class in that she was a pregnant female.

48. Plaintiff was qualified to perform the job for which she was hired.

49. Defendant terminated Plaintiff.

50. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

51. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

52. Defendant discriminated against Plaintiff on the basis of her pregnancy.

53. Defendant treated non-pregnant employees better than it treated Plaintiff.

54. Defendant has no legitimate non-discriminatory reason for its actions.

55. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – PREGNANCY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff is a member of a protected class in that she was a pregnant female.

58. Plaintiff was qualified to perform the job for which she was hired.

59. Defendant terminated Plaintiff.

60. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

61. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

62. Defendant discriminated against Plaintiff on the basis of her gender/pregnancy.

63. Defendant treated non-pregnant employees better than it treated Plaintiff.

64. Defendant has no legitimate non-discriminatory reason for its actions.

65. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – SEX DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

66. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
67. Plaintiff is a member of a protected class in that she is female.
68. Plaintiff was qualified to perform the job for which she was hired.
69. Plaintiff suffered adverse job actions, including, but not limited to termination.
70. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.
71. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
72. Defendant discriminated against Plaintiff on the basis of sex.
73. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
74. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.
75. Defendant's conduct was willful or done with reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – SEX DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

76. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

77. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her sex (female).

78. As a result of Defendant's unlawful sex discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Stefanie Schreck, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual

reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: October 13, 2026

**By: *<u>/s/David M. Koller</u>***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*